**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez**

Criminal Case No. 15-cr-394-WJM-1

UNITED STATES OF AMERICA,

      Plaintiff,

v.

1.    **DARYL FRANCIS YUREK,**

      Defendant.

---

## ORDER ON INDICTMENT MOTIONS

---

    This matter is before the Court on the following motions filed by Defendant Daryl

Yurek, each in various ways challenging the sufficiency of the Indictment (ECF No. 1):

(1) Motion For Bill of Particulars (ECF No. 105); (2) Motion to Dismiss Count 1 Re:

Duplicity (ECF No. 106); (3) Motion to Dismiss Counts 2, 3, 4 and 5 of the Indictment

Re: Multiplicity (ECF No. 107); and (4) Motion to Dismiss Count 3 (ECF No. 108).

## I.  BACKGROUND

    Defendant Daryl Yurek ("Defendant" or "Mr. Yurek") is charged in a Five-Count

Indictment.  (ECF No. 1.)  Count 1 jointly charges both Mr. Yurek and his wife and co-

Defendant Wendy Yurek ("Ms. Yurek") with a single count of tax evasion in violation of

26 U.S.C. § 7201.  The Indictment recites factual allegations that include 26 specifically

enumerated acts on dates between January 16, 2006 and April 2014, as set out in

paragraphs 16a.–16z.  (*Id.* at 5–11.)  Some of these acts were allegedly committed by

Mr. Yurek, some were allegedly committed by Ms. Yurek, and some were allegedly

committed by both Mr. and Ms. Yurek.

Count 2 jointly charges Mr. and Ms. Yurek with a single count of filing a bankruptcy petition in furtherance of a scheme to defraud, in violation of 18 U.S.C. § 157(1). The Indictment on Count 2 incorporates by reference many of the factual allegations of Count 1.

Count 3 charges Mr. Yurek with one count of making a false statement under oath in relation to a bankruptcy proceeding, in violation of 18 U.S.C. § 152(2), based on alleged conduct at a January 7, 2011 Bankruptcy Rule 2004 examination, which is also an act charged in paragraph 16t. of Count 1.

Count 4 charges Mr. Yurek with one count of making a false declaration under penalty of perjury in a tax submission, in violation of 26 U.S.C. § 7206, based on alleged declarations made in an IRS Form 433-A (submitting "Collection Information for Wage Earners"), dated September 10, 2009.

Count 5 charges Mr. Yurek with a second count of making a false declaration in violation of 26 U.S.C. § 7206, based on a separate IRS Form 433-A, dated March 30, 2010.

## I. MOTION FOR BILL OF PARTICULARS

Defendant first moves for a Bill of Particulars. (*See* ECF No. 105.) Federal Rule of Criminal Procedure 7(f) allows a criminal defendant to move for a bill of particulars, which is "a formal written statement by the prosecutor providing details of the charges against the defendant." 1 Charles A. Wright *et al.*, *Federal Practice & Procedure* § 130 (4th ed., Jan. 2017 update) ("*Wright & Miller*").

> The purpose of a bill of particulars is to inform the defendant of the charge against him with sufficient precision to allow him to prepare his defense. A bill of particulars is not necessary if the indictment sets forth the elements of the offense charged and sufficiently apprised the defendant of the charges to enable him to prepare for trial. The defendant is not entitled to notice of all of the evidence the government intends to produce, but only the theory of the government's case.

*United States v. Ivy*, 83 F.3d 1266, 1281 (10th Cir. 1996) (emphasis in original) (citations, quotations, and brackets omitted). The decision whether to require a bill of particulars is committed to the sound discretion of the district court. *United States v. Levine*, 983 F.2d 165, 166 (10th Cir. 1992).

Here, the Court agrees with the Government that the Indictment provides sufficient information and particularity, and that a Bill of Particulars is not required. Defendant makes specific requests for further particularity as to each of the five counts, which the Court will address in turn. In sum, the Court finds that the specificity requested by Defendant goes beyond that to which he is entitled and/or has already been adequately provided to him.

## A.    Count One

As to Count One (tax evasion, 26 U.S.C. § 7201), a necessary element of the charge is for the Government to prove at least one "affirmative act constituting an evasion or attempted evasion" of a proven tax liability. *United States v. Boisseau*, 841 F.3d 1122, 1125 (10th Cir. 2016) (citing *Sansone v. United States*, 380 U.S. 343, 351 (1965)). Defendant first requests specificity as to whether the Government "intend[s] to present any *evidence* at trial" of additional "affirmative acts" beyond those enumerated

in the 26 sub-parts of the Indictment's paragraph 16.  (ECF No. 105 at 5, ¶ 1 (emphasis added).) However, Defendant is not entitled to notice of all the Government's evidence. *Ivy*, 83 F.3d at 1281; *United States v. Gabriel*, 715 F.2d 1447, 1449 (10th Cir. 1983) (" A bill of particulars may not be used to compel the Government to disclose evidentiary details").  On review of the detailed Indictment here, the Court concludes that it provides sufficient notice of the Government's theory of the case and that Defendant's request seeks evidentiary details to which he is not entitled.

Defendant also requests information already sufficiently provided by the Indictment, including what specific statements were "false and misleading" in the forms submitted to the IRS.  (ECF No. 105 at 5 ¶¶ 2 & 3.)  The Indictment identifies the documents at issue, the dates they were submitted, and a description of the allegedly misleading statements as representations of "insufficient assets and income to pay the full amount" of deficient taxes, as well as "false and misleading information about Defendant's employment and investments."  (ECF No. 1 ¶¶ 16a.–b.)  No further specificity is required on this point.

Likewise, Defendant asks for more particularity regarding what "false and misleading" information was provided to whom by his September 1, 2010 Bankruptcy Petition.  (ECF No. 105 at 5 ¶ 6.)  But the Indictment identifies the document and its date, and further states that the alleged misinformation was that found in the Bankruptcy schedules disclosing Defendant's "assets, transfers of assets, income, and financial affairs."  (ECF No. 1 ¶ 16q.)

Beyond that, discovery and the Government's response reveal further specificity of what allegedly false statements were found in the Bankruptcy filing, including, *inter*

*alia*: failure to disclose specific stock transfers; failure to disclose specific stock owned by Defendant; failure to disclose Defendant's control of his and Ms. Yurek's residence, held in their son's name, as "property owned by another person that the debtor holds or controls"; and failure to list specific personal expenses paid by the Yureks' business entities with their disclosed income. (ECF No. 114 at 10.) Reviewed in combination with the Indictment, the discovery information described in the Government's response provides more than sufficient specificity. *See Ivy*, 83 F.3d at 1282 ("By providing complete discovery containing sufficient information to allow them to prepare their defense, the government gave [defendants] the tools necessary to anticipate and forestall any surprise that might have resulted from the indictment. Once the government provided these tools, it was [defendants'] responsibility to use them in preparing their defense"); *United States v. Kunzman*, 54 F.3d 1522, 1526 (10th Cir. 1995) (affirming denial of motion for bill of particulars where the defendant "was provided with full discovery of the government's materials prior to trial"); *Gabriel*, 715 F.2d at 1449 (where "the Government had fully disclosed all the documentary and physical evidence . . . nothing was left to disclose" and the request for a bill of particulars was appropriately denied).

Defendant also requests specification of what assets were allegedly transferred by Defendant to others for less than full value, despite Defendant's representations to the contrary to the IRS, as well as the alleged full value of such transferred assets. (*See* ECF No. 105 at 5 ¶ 5.) Again, the Indictment, especially combined with the discovery as explained in the Goverment's Response provides sufficient specificity, by identifying numerous stock transfers to Defendant's family members and business

5

entities, and that the transfers were allegedly for less than full value in that they were made for no payment.  (ECF No. 1 ¶¶ 16d.,i.,j.,k.,l.,m.,o.; ECF No. 114 at 8.)

Defendant's interrogatory request for the "precise 'evasive and misleading testimony'" he allegedly made at an October 4, 2010 Bankruptcy Meeting of Creditors is sufficiently answered on the face of the Indictment which identifies that the statements related to whether all of Defendant's assets were listed on the bankruptcy schedules and whether his business entities paid personal expenses for himself and Ms. Yurek.

Lastly on Count 1, Defendant requests specificity as to how *all* of the conduct alleged in the Indictment's paragraphs 16a.–z. was allegedly likely to mislead or conceal.  (ECF No. 105 at 5, ¶ 4.)  The Court finds the answer(s) to this interrogatory self-evident from reading the Indictment, especially in conjunction with the discovery as described in the Government's Response.  *See Ivy*, 83 F.3d at 1282; *Kunzman*, 54 F.3d at 1526.

## B.    Count Two

On Count 2 (filing bankruptcy in furtherance of a scheme to defraud, 18 U.S.C. § 157(1)), Defendant requests specification of whether he was allegedly "the principal" under the aiding and abetting charge, 18 U.S.C. § 2, for any of the alleged acts.  (ECF No. 105 at 6, ¶ 8.)  This Count incorporates the factual allegations of paragraphs 1–15, 16c.–n. & 16p.–w. of Count 1 by reference, as explicitly permitted by Federal Rule of Criminal Procedure 7(c)(1).  These specific factual allegations provide substantial specificity and adequately identify the alleged acts in which Mr. Yurek is charged as a principal.

6

**C.     Count Three**

On Count 3 (making false statements under oath in a bankruptcy proceeding, 18 U.S.C. § 152(2)), Defendant requests specification of what "precise false testimony" he gave regarding "substantial personal expenses" allegedly paid by one of his business entities, as well as which such expenses are at issue.  (ECF No. 105 at 6, ¶ 9.)  The Indictment charges with sufficient particularity that the allegedly false testimony was offered during a Bankruptcy Rule 2004 examination on January 7, 2011, and was in relation to alleged payment of personal expenses.  (ECF No. 1 at 12.)  The pertinent alleged expenses are detailed sufficiently by reading the Indictment together with the discovery produced, as described in the Government's Response.  (*See* ECF No. 1 at 12; ECF No. 114 at 10–11.)

**D.     Counts 4 & 5**

On Counts 4 and 5 (false declarations in tax submissions under penalty of perjury, 26 U.S.C. § 7206(1)), similar to Count 1, Defendant requests specification of what property was transferred for less than full value, contrary to the alleged false statements.  (ECF No. 105 at 6, ¶ 10.)  As stated above, the Indictment and discovery adequately specify that the allegations address particular transfers of stock by Defendant for less than full value, namely for no payment.  (ECF No. 1 at 13–14; ECF No. 114 at 8.)

## II.  MOTION TO DISMISS COUNT 1 (DUPLICITY)

Defendant next moves to dismiss Count 1 on grounds that the Indictment of this count is duplicitous.  "A duplicitous indictment charges the defendant with two or more

separate offenses in the same count." *United States v. Trammel*, 133 F.3d 1343, 1354 (10th Cir. 1998). "The dangers of duplicity are threefold: (1) [a] jury may convict a defendant without unanimously agreeing on the same offense; (2) [a] defendant may be prejudiced in a subsequent double jeopardy defense; and (3) [a] court may have difficulty determining the admissibility of evidence." *Id.* (quoting *United States v. Wiles*, 102 F.3d 1043, 1061 (10th Cir. 1992)).

Count 1 charges tax evasion in violation of 26 U.S.C. § 7201. Defendant argues it creates duplicity for three reasons. First, he argues that some of the affirmative acts alleged in Count 1 fall outside the applicable six-year statute of limitations, and that the Indictment therefore risks an impermissible conviction if the jury convicts despite finding that only affirmative acts occurring outside the statute of limitations are proved beyond a reasonable doubt.

However, as Defendant acknowledges, "when a defendant commits a series of evasive acts over several years after incurring a tax liability, the statute of limitations begins to run on the date of the last evasive act." *United States v. Anderson*, 319 F.3d 1218, 1219 (10th Cir. 2003). Moreover, the Government "need only prove one affirmative act of tax evasion for each count charged." *Boisseau*, 841 F.3d at 1125. The relevant case law reflects that multiple alleged acts constituting charged tax evasion may be properly charged as a single count under 26 U.S.C. § 7201, even when one or more of the earlier acts lie outside the statute of limitations. *See, e.g., Anderson*, 319 F.3d at 1219 (conviction under 26 U.S.C. § 7201 affirmed where single count charged conduct involving multiple acts spanning five tax years and preceding

actions); *see also United States v. Root*, 585 F.3d 145, 151 (3d Cir. 2009) (rejecting

duplicity argument, holding it was "permissible under section 7201 to charge tax

evasion covering several years in a single count as a 'course of conduct' in

circumstances where the underlying basis of the indictment is an allegedly consistent,

long-term pattern of conduct directed at the evasion of taxes for these years" (internal

quotation marks omitted)). Defendant cites no contrary authority revealing any

improper duplicity in Count 1 of the Indictment or requiring dismissal on this basis.

Second, Defendant argues that because Count 1 jointly charges both Mr. and

Ms. Yurek, the jury might impermissibly convict Mr. Yurek, even if the Government only

proves that Ms. Yurek committed one or more acts of tax evasion. However, Count 1 of

the Indictment is explicit as to which affirmative acts are alleged to have been

committed by either or both of Mr. and Ms. Yurek, so Defendant is adequately on notice

of what affirmative acts he is charged with committing. The Court agrees with the

Government that the jury will need to be instructed that to convict either defendant it

must find that the individual defendant committed at least one affirmative act of tax

evasion within the limitations period. Defendant cites no authority requiring dismissal

based on duplicity where two or more co-defendants are similarly co-charged in a single

count.

Third, Defendant argues that the inclusion of multiple alleged acts of evasion in

one count "confuses the evidence related to potential defenses such as good faith, the

lack of willfulness, and reliance on the advice of professionals." (ECF No. 106 at 4.) As

noted above, the case law in the Tenth Circuit and elsewhere reveals no impropriety in

charging multiple affirmative acts as a single count of tax evasion. *See, e.g.*, *Boisseau*,

9

841 F.3d at 1125–27; *Anderson*, 319 F.3d at 1219; *Root*, 585 F.3d at 151. Again, Defendant cites no authority showing that Count 1 is improper on this basis, or that the necessary remedy would be dismissal.

Given the foregoing analysis, and the lack of any contrary authority cited by Defendant, the Court concludes that Count 1 of the Indictment is not duplicitous.

### III. MOTION TO DISMISS COUNTS 2, 3, 4, AND 5 (MULTIPLICITY)

Defendant moves to dismiss Counts 2, 3, 4, and 5 on grounds that they are multiplicitous. "Multiplicity refers to multiple counts of an indictment which cover the same criminal behavior." *United States v. Frierson*, 698 F.3d 1267, 1269 (10th Cir. 2012) (internal quotation marks omitted). "The principle danger in multiplicity is that the defendant will receive multiple sentences for a single offense, although courts have noted that multiple counts may also work against defendant by leading the jury to believe that defendant's conduct is especially serious because it constitutes more than one crime." 5 Wayne R. LaFave, *et al.*, *Criminal Procedure* § 19.3(e) (4th ed., Dec. 2016 update).

However, "[m]ultiplicity is not fatal to an indictment. Indeed, the government may submit multiplicitous charges to the jury. But multiplicitous sentences violate the Double Jeopardy Clause, so if a defendant is convicted of both charges, the district court must vacate one of the convictions." *Frierson*, 698 F.3d at 1269 (internal quotation marks and citations omitted; alterations incorporated).

In reviewing for multiplicity, "a defendant 'may be prosecuted for more than one crime based on the same conduct (1) if each crime requires proof of a fact that the

other does not or (2) if Congress has clearly expressed its intent to impose cumulative punishment for the same conduct under different statutory provisions.'" *United States v. Berres*, 777 F.3d 1083, 1090 (10th Cir. 2015) (quoting *United States v. Morris*, 247 F.3d 1080, 1083 (10th Cir. 2001)). In analyzing the first question, that is, whether each of multiple counts requires proof of facts not required for the others, the Court applies the well-established *Blockburger* test:

> The applicable rule is that, where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of a fact which the other does not.

*Blockburger v. United States*, 284 U.S. 299, 304 (1932); *United States v. Benoit,* 713 F.3d 1, 13 (10th Cir. 2013) (same). "[T]he *Blockburger* test focuses on the proof necessary to prove the statutory elements of each offense, rather than on the actual evidence to be presented at trial." *Benoit*, 713 F.3d at 13 (quoting *Illinois v. Vitale*, 447 U.S. 410, 416 (1980)). Here, the Indictment does not reveal improper multiplicity under either analysis.

The Court first reviews the bankruptcy-related charges in Counts 2 and 3. Count 2 charges filing of a bankruptcy petition in furtherance of a fraudulent scheme, contrary to 18 U.S.C. § 157(1).[1] This bankruptcy crime, codified in 1994, "was intended to deter

---

[1] Defendant is charged in Count 2 specifically under 18 U.S.C. § 157(1):

> A person who, having devised or intending to devise a scheme or artifice to defraud and for the purpose of executing or concealing such a scheme or artifice or attempting to do so—(1) files a petition under title 11, including a fraudulent involuntary petition under section 303 of such title * * * shall be fined under this title, imprisoned not more than 5 years, or both.

a person from using the bankruptcy process to further fraudulent schemes." *United States v. Milwitt*, 475 F.3d 1150, 1155 (9th Cir. 2007) (internal quotation marks and citation omitted); *see also* Bankruptcy Reform Act of 1994, Pub. L. No. 103-394, § 312(B), 108 Stat. 4106 (1994). Count 3, on the other hand, charges making a false material statement under oath in a bankruptcy proceeding, 18 U.S.C. § 152(2). This provision "exemplifie[s]" a set of "historic bankruptcy crimes" which pre-date the adoption of § 157(1). In Section 157(1) (Count 2), "the focus . . . is a fraudulent scheme outside the bankruptcy which uses the bankruptcy as a means of executing or concealing the artifice." *Milwitt*, 475 F.3d at 1154–55. In contrast, the crimes defined by the longer-standing prohibitions in § 152 (Count 3), "criminaliz[e] fraudulent and perjurious acts . . . in connection with a bankruptcy," that is, "acts committed in the bankruptcy context." *Milwitt*, 475 F.3d at 1154–55; *see also United States v. Ellis*, 50 F.3d 419, 423 (7th Cir. 1995) ("[t]he essence of the offense under § 152 is the making of a materially false statement or oath with the intent to defraud the bankruptcy court").

Corresponding to the different focus of these two provisions, conviction under § 157(1) requires, as an element, proof that Defendant devised or intended to devise "a scheme or artifice to defraud." 18 U.S.C. § 157(1); *Milwitt*, 475 F.3d at 1155; Ninth Circuit Manual of Jury Instructions § 8.11 (2010 ed., March 2017 update). Conviction under § 152(2) does not require this as an element, but does require proof that Defendant (1) made a statement under penalty of perjury in relation to a bankruptcy proceeding, and (2) that the statement was false, neither of which is an element required for conviction under § 157(1). 18 U.S.C. § 152(2); *see also* Pattern Criminal

Jury Instructions of the Seventh Circuit at 136 (2012 ed.); *Ellis*, 50 F.3d at 423–25.

Therefore, since each of the two distinct bankruptcy-related crimes charged in Counts 2

and 3 requires proof of facts that the other does not, these counts are not improperly

multiplicitous under the *Blockburger* test.

Counts 4 and 5 are charged under the Internal Revenue Code, 26 U.S.C.

§ 7206(1). These Counts charge two separate instances of making a written

declaration under penalty of perjury which the declarant does not believe to be

materially true and correct. Courts have stated that the "primary purpose" of this long-

standing criminal provision "is to impose the penalties of perjury upon those who wilfully

falsify their [tax] returns regardless of the tax consequences of the falsehood." *United

States v. Romanow*, 509 F.2d 26, 28 (1st Cir. 1975).

Conviction on Counts 4 and 5 requires proof, as elements, (1) that the Defendant

subscribed a tax return or other written declaration, which (2) was made under penalty

of perjury. *United States v. Aramony*, 88 F.3d 1369, 1382 (10th Cir. 1996); Tenth

Circuit Criminal Pattern Jury Instructions § 2.93 (2011 ed., Jan. 2017 update). Neither

of these elements is shared with any other count of the Indictment. Further, conviction

on these counts does not require proof of the existence of a tax deficiency, nor of either

the filing of a bankruptcy petition or the existence of a bankruptcy proceeding, which are

elements, respectively, of Counts 1, 2, and 3. See *Boisseau*, 841 F.3d at 1125; 18

U.S.C. §§ 152(2) & 157(1); *Milwitt*, 475 F.3d at 1154–55. Accordingly, under the

*Blockburger* test, Counts 4 and 5 are not multiplicitous with any other counts. Given

this analysis, the Court finds no multiplicity in the Indictment, and even if Defendant had

13

shown multiplicity, dismissal is not required.  *Frierson*, 698 F.3d at 1269.

## IV.  MOTION TO DISMISS COUNT 3

Lastly, Defendant moves separately for dismissal of Count 3.  (ECF No. 108.)
As noted above, Count 3 charges Defendant with making a false statement under oath
in relation to a bankruptcy proceeding, in violation of 18 U.S.C. § 152(2).  Specifically,
Defendant is charged with making a false statement "that he and his wife received no
compensation . . . other than W-2 income" from one of his business entities (Veracity
Credit Consultants, or "VCC"), under oath during a January 7, 2011 Rule 2004
Examination.  (*See* ECF No. 1 at 12.)

Defendant argues this count should be dismissed because the Government has
insufficient evidence to prove two necessary elements to convict on this charge.  First,
he argues that the transcript of the Rule 2004 examination (attached to Defendant's
motion at ECF No. 108-1) does not show that his testimony or statements were actually
made under an oath.  Second, he argues that any alleged false statements regarding
compensation from VCC were not material.  (*See generally* ECF No. 108; *see also Ellis*,
50 F.3d at 422 (identifying elements of charge, including that a material statement was
made under penalty of perjury).)

In response, the Government argues that it will seek to prove that Defendant's
statements were made under oath by calling witnesses at trial who were present at the
time, including the court reporter who allegedly administered the oath.  (ECF No. 116.)
The Government also points out, and Defendant concedes (ECF No. 108 at 3–4), that
"the materiality inquiry . . . is peculiarly one for the trier of fact."  *United States v. Gaudin*,

14

515 U.S. 506, 512 (1995) (internal quotation marks omitted; alterations incorporated).

While Defendant "submits" that Count 3 should be dismissed as a matter of law, he cites no authority to support this result. (*See* ECF No. 108 at 4.) The Government correctly argues that Defendant's motion is premised on disputed facts or supposed weaknesses in the Government's proof. "Generally, the strength or weakness of the government's case, or the sufficiency of the government's evidence to support a charge, may not be challenged by a pretrial motion." *United States v. Hall*, 20 F.3d 1084, 1087 (10th Cir. 1994). "On a motion to dismiss an indictment, the question is not whether the government has presented sufficient evidence to support the charge, but solely whether the allegations in the indictment, if true, are sufficient to establish a violation of the charged offense. For the most part, that question does not involve any examination of the evidence." *United States v. Todd*, 446 F.3d 1062, 1068 (10th Cir. 2006). Only in limited circumstances may the Court dismiss charges at the pretrial stage, if "the operative facts are undisputed and the government fails to object to the district court's consideration of those undisputed facts." *Id.* Such pretrial dismissal is a "rare exception." *Id.*

Here, the relevant factual determinations—including whether Defendant was under oath in the Rule 2004 examination, and whether his allegedly false statements were material—are disputed, and the Government objects to consideration of the evidence and to dismissal. Therefore these factual matters remain to be proved by the Government at trial, and dismissal of Count 3 on this basis would be improper.

## V. CONCLUSION

For the reasons set forth above, the Court ORDERS as follows:

1.    Defendant (1) Daryl Francis Yurek's Motion For Bill of Particulars (ECF No. 105) is DENIED;

2.    Defendant (1) Daryl Francis Yurek's Motion to Dismiss Count 1 Re: Duplicity (ECF No. 106) is DENIED;

3.    Defendant (1) Daryl Francis Yurek's Motion to Dismiss Counts 2, 3, 4 and 5 of the Indictment Re: Multiplicity (ECF No. 107) is DENIED; and,

4.    Defendant (1) Daryl Francis Yurek's Motion to Dismiss Count 3 (ECF No. 108) is DENIED.

Dated this 20th day of April, 2017.

BY THE COURT:

William J. Martinez
United States District Judge