IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez

Criminal Case No. 15-cr-394-WJM

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1.    **DARYL FRANCIS YUREK**
2.    WENDY MARIE YUREK

    Defendants.

---

### ORDER ON MOTION TO DISMISS COUNTS 4 AND 5

---

This matter is before the Court on Defendant Daryl Francis Yurek's ("Defendant") Motion to Dismiss Counts 4 and 5 of the Indictment. (ECF No. 146). For the reasons explained below, the Motion is denied.

### I. BACKGROUND

The Indictment in this case alleges that on or about September 10, 2009 and March 30, 2010, Defendant submitted two Form 433-As to the Internal Revenue Service ("IRS"). Form 433-A is a form used by IRS titled "Collection Information Statement for Wage Earners and Self-Employed Individuals." (ECF No. 1 at 13–14.)

The Government charges that these submissions by Defendant contained knowingly false information and were verified by Defendant as written declarations made under the penalties of perjury. (*Id.*) Specifically, the Government alleges that Defendant answered "No" to the question, "In the past 10 years, have any assets been transferred by the individual for less than full value?" (*Id.*) However, the Government

charges that Defendant had, in fact, made such transfers, by transferring stock to his sons and to one of his affiliated companies for less than full value. (*Id.*) Based on those allegations, Counts 4 and 5 of the Indictment charge that Defendant violated 26 U.S.C. § 7206(1) of the Internal Revenue Code ("Declaration under penalties of perjury").

## II. ANALYSIS

In Counts 4 and 5, Defendant is charged under the following provision:

> Any person who—
>
> (1) Declaration under penalties of perjury.—Willfully makes and subscribes any return, statement, or other document, which contains or is verified by a written declaration that it is made under the penalties of perjury, and which he does not believe to be true and correct as to every material matter
>
> * * *
>
> shall be guilty of a felony and, upon conviction thereof, shall be fined not more than $100,000 ($500,000 in the case of a corporation), or imprisoned not more than 3 years, or both, together with the costs of prosecution.

26 U.S.C. § 7206(1).

Defendant's instant Motion argues these charges should be dismissed pursuant to *United States v. Levy*, 533 F.2d 969, 973–75 (5th Cir. 1976). In *Levy*, defendant was convicted under § 7206(1) based on having signed an IRS Form 433-AB, and the Fifth Circuit addressed "whether Form 433-AB is a 'statement or other document' within the contemplation of [§ 7206(1)]." 533 F.2d at 970. The court acknowledged that the statute uses the words "statement" and "other document" "with no limiting exception," and that "[i]f we had only to look to the unadorned words, 'statement' and/or 'document,'

no difficulty, at least as to the meaning of the statute, would be involved." *Id.* at 972. However, the *Levy* court went on to review the "inconclusive" legislative history, *id.* at 972–73, noted that "[c]riminal statutes must be strictly construed, *id.* at 973, and reasoned that because § 7206(1) "is a perjury statute, the party taking the statement [*i.e.*, the IRS officer] must have the authority to take that particular statement, *id.* The court then held that § 7206(1) applies only "to any statement or document required by the Internal Revenue Code or by any regulation lawfully promulgated for the enforcement of the Code," and therefore reversed the defendant's conviction because Form 433-AB had not been required by statute or regulation. *Id.* at 974–75.

Here, Defendant acknowledges that other courts have since disagreed with the result and the rationale of *Levy*, but argues that "the issue is undecided" in the Tenth Circuit. This is not a completely accurate characterization, however. In *United States v. Franks*, 723 F.2d 1482, 1485–86 (10th Cir. 1983), the Tenth Circuit reviewed a conviction under § 7206(1) for giving false answers on IRS Form 1040 schedules and rejected an argument based on *Levy*, noting, "[w]e are not persuaded by *Levy*," *id.* at 1485, and "we do not believe the rationale of *Levy* should be extended," *id.* at 1486.

Moreover, the year after *Franks,* the Second Circuit squarely rejected the holding of *Levy*, in *United States v. Holroyd*, 732 F.2d 1122 (2d Cir. 1984). There, the court reasoned persuasively as follows:

> The words chosen by Congress in drafting § 7206(1) are, as the *Levy* court stated, unambiguous; the provision on its face applies to the making and subscribing of "*any* return, statement, or other document" (emphasis added), without qualification. Similarly, we agree that the legislative history provides no guidance on the propriety of a broad or

3

restrictive reading of the section. In enacting the predecessor of § 7206(1), § 3809 of the Internal Revenue Code of 1939, Congress was concerned with eliminating the oath required for tax forms and substituting a written verification on the forms themselves. It simultaneously adopted a felony sanction for fraudulent statements on verified forms, which was recodified as § 7206(1) of the Internal Revenue Code of 1954. The legislative history does not define the words "return", "statement", or "document".

We draw different conclusions, however, than do our Fifth Circuit colleagues. Our analysis is constrained by a fundamental rule of statutory construction: when the express language of a statute is clear, a court will not adopt a different construction absent clear legislative history contradicting the plain meaning of the words. Given the inconclusiveness of the legislative history of § 7206(1), we can find no warrant for deviating from the words chosen by Congress, which set out the scope of the provision with patent clarity.

\* \* \*

Moreover, our reading of § 7206(1) is buttressed by comparison of this section with other sections of the Code. Section 6065 requires verification of "*any* return, declaration, statement, or other document required to be made under any provision of the internal revenue laws or regulations . . ." (emphasis added). Had Congress meant the same limiting construction to attach to § 7206(1), it failed to so state respecting that section. Comparison with two other sections of the Internal Revenue Code is also appropriate. 26 U.S.C. § 7206(3), another of the felony sanctions accompanying § 7206(1), makes it a crime to simulate or falsely or fraudulently execute or sign "any bond, permit, entry, or other document required by the provisions of the internal revenue laws, or by any regulation made in pursuance thereof . . . ." Even within the same section, then, Congress attached this limiting language when it intended to restrict a subsection's application.

*Holroyd*, 732 F.2d at 1124–26 (citations omitted). Consistent with this analysis of the clear and plain meaning of § 7206(1), the Second Circuit therefore held that "lack of

4

authority [for Forms 433-A and 433-AB] is not a defense to a charge of knowing, willful and material misstatement." *Id.* at 1127.

As to the due process concerns stated in *Levy*, *Holroyd* reasoned that "[i]t cannot be thought that . . . a citizen has a privilege to answer fraudulently a question that the Government should not have asked. Our legal system provides methods for challenging the Government's right to ask questions—lying is not one of them." *Id.* at 1127 (quoting *Bryson v. United States*, 396 U.S. 64, 72 (1969)). *Holroyd* also concluded that "giving a literal interpretation to [§ 7206(1)] more precisely delineates its coverage," thus providing fair warning. *Id.*

In this Court's view, *Holroyd* is more persuasive than *Levy*. Moreover it is by far more consistent with the Tenth Circuit's approach to statutory interpretation, as it has been frequently re-emphasized in the forty years since *Levy* was decided. *See, e.g.*, *BWP Media USA, Inc. v. Clarity Digital Grp., LLC*, 820 F.3d 1175, 1179 (10th Cir. 2016) ("when the statutory language is clear, our analysis ends and we must apply its plain meaning" (internal quotation marks omitted)).

Moreover, *Levy* remains a significant outlier. As another court to recently review this issue observed:

> *Levy* was decided in 1976 and although it has not been overruled, other circuit[s] have rejected *Levy*'s holding and found that a statement made on an IRS form, which is not expressly authorized by statute or regulation, may provide a basis for prosecution under § 7206(1). [In addition to *Holroyd*], [o]ther circuit courts have also declined to follow *Levy*'s rationale. * * * Further, subsequent decisions in the Fifth Circuit have limited *Levy*'s application.

*United States v. Wommer*, 2012 WL 1032243, at *3 (D. Nev. Feb. 10, 2012), *report and*

5

*recommendation adopted*, 2012 WL 1032346 (D. Nev. Mar. 26, 2012) (following *Holroyd*, and citing, *inter alia*, *United States v. Pansier*, 576 F.3d 726 (7th Cir. 2009), *United States v. Scholl*, 166 F.3d 964, 980 (9th Cir. 1999), *Franks*, 723 F.2d 1482, and *United States v. Damon*, 676 F.2d 1060, 1063–64 (5th Cir. 1982)).

In sum, the language of § 7206(1) provides no hint that it applies *only* to those statements or documents which are authorized by statute or regulation, and includes no other exception that would make it inapplicable to Defendant's Form 433-A submissions in this case. To the contrary, § 7206(1) applies to "*any* return, statement, or other document." 26 U.S.C. § 7206(1) (emphasis added). Interpreting this plain language, and in keeping with *Franks* and *Holroyd*, the Court denies Defendant's Motion to dismiss Counts 4 and 5 of the Indictment.

### III. CONCLUSION

For the reasons set forth above, Defendant Daryl Yurek's Motion to Dismiss Counts 4 and 5 of the Indictment (ECF No. 146) is DENIED.

Dated this 20th day of June, 2017.

BY THE COURT:

William J. Martinez
United States District Judge