IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez

Criminal Case No. 15-cr-394-WJM

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1.    DARYL FRANCIS YUREK
2.    WENDY MARIE YUREK

    Defendants.

---

## ORDER ON DEFENDANTS' MOTION *IN LIMINE*

---

This matter is before the Court on Defendants Daryl and Wendy Yurek's Motion *In Limine*. (ECF No. 187 (Defendants' "Motion.")) The Motion indicates that the Government opposes the relief sought (*id.* at 1), but the Government inexplicably failed to file any response or opposition brief as directed by Court Order and the undersigned's practice standards. (*See* ECF No. 180.) For the reasons stated below, Defendants' Motion is GRANTED IN PART and DENIED IN PART.

## I. ANALYSIS

### A. Photographs or Videos

Defendants' Motion moves for a pretrial order excluding "photographic evidence depicting possessions purportedly owned by the Yureks, prior residences of the Yureks, and the Pinhurst [*sic*] Country Club." (ECF No. 187 at 3.) They argue such evidence is irrelevant and would be unduly prejudicial, and should therefore be excluded under Federal Rules of Evidence 401–03. (*Id.* at 1–3.)

Given the Government's failure to file any opposition or response, the Court might grant this motion as having been confessed. However, Defendants' Motion fails to present its request in a manner amenable to a pretrial exclusionary order. While Defendants recite that they have received photographs or similar materials to which they object in discovery (ECF No. 187 at 3), their Motion does not attach any examples, nor does it identify particular photographs or potential exhibits to which Defendants object (*e.g.*, by Bates number, exhibit number, or otherwise). They seek only vaguely to exclude all "photographic evidence" of the things described. Thus any pretrial order the Court might enter would, by necessity, be equally indeterminate. The Court cannot determine in the abstract whether photographs that it has not seen are relevant, irrelevant, or unduly prejudicial. Moreover, even if the Court were to grant Defendants' Motion on this point, such an order would not be self-executing. Inevitably, disputes would arise at trial as to whether any particular exhibit the Government might offer was subject to exclusion. Thus there would be little to no benefit to entering a pretrial order.

Accordingly, Defendants' Motion is GRANTED IN PART and DENIED IN PART on this issue, given the Government's failure to respond. The Motion is granted to the extent that the Government is DIRECTED not to seek to admit such photographs, nor to raise or discuss photographs fairly subject to Defendants' motion in any way with any witness without *first* presenting them to the Court outside of the jury's presence or at a sidebar for a ruling on admissibility. The Motion is DENIED IN PART to the extent it seeks a blanket pretrial exclusionary order, and the Court instead DEFERS RULING on the admissibility of any particular "photographic evidence" until the Court can review and rule on specific photographs in the context of other evidence presented at trial.

**B.     Vouching**

Defendants next seek a pretrial order "directing that the Government be prohibited from offering personal opinions concerning the credibility of the Defendants or other witnesses in the case." (ECF No. 87 at 3–4.) Defendants correctly state the rule that "[i]t is error for the prosecution to personally vouch for the credibility of its witnesses." *United States v. Bowie*, 892 F.2d 1494, 1498 (10th Cir. 1990). "Impermissible vouching occurs when the jury could reasonably believe that the prosecutor is indicating a personal belief in the witness'[s] credibility, either through explicit personal assurances of the witness'[s] veracity or by implicitly indicating that information not presented to the jury supports the witness'[s] testimony.'" *Hanson v. Sherrod*, 797 F.3d 810, 837 (10th Cir. 2015) (internal quotation marks omitted).

However, Defendants' Motion does not give any particular reasons to believe the Government will violate this rule here, nor does it provide any examples of how this issue might arise at trial. Defendants' Motion therefore seeks no relief separate and apart from asking that the Court enforce the Federal Rules of Evidence and controlling evidentiary law. This request is not amenable to a pretrial ruling or exclusionary order. Of course the Court will, in its sound discretion, apply and enforce the Federal Rules of Evidence and controlling evidentiary law, based on objections and requests for rulings timely raised and preserved by counsel in the usual course at trial, pursuant to Federal Rule of Evidence 103. Defendants' request for a pretrial exclusionary order on this point is therefore DENIED.

## C.     Post-Bankruptcy Audits

Last, Defendants seek "an order directing that evidence obtained during any post-bankruptcy audits . . . of the Defendants be excluded from this trial." (ECF No. 187.) Defendants argue that evidence obtained from any such audit conducted after they filed a bankruptcy petition should be excluded because, they argue, such audit(s) were pursued in violation of the automatic stay provisions of the Bankruptcy Code, 11 U.S.C. § 362. (ECF No. 187.)

Again, Defendants fail to identify any specific evidence to which they object, and for that reason the Court again cannot enter a pretrial order excluding unidentified evidence. Moreover, Defendants fail to cite any authority demonstrating that an audit conducted by the Internal Revenue Service after a taxpayer has filed for bankruptcy is in violation of the § 362 automatic stay, in all cases, or in this case. *See* 11 U.S.C. § 362(b)(9)(A) (filing a petition "does not operate as a stay * * * of [] an audit by a governmental unit to determine tax liability"). Likewise, while Defendants argue for something akin to a Fourth Amendment exclusionary remedy based on the Government obtaining evidence in alleged violation of the § 362 automatic stay, they cite no legal authority recognizing such a rule, or holding that materials unearthed in a proceeding which violated the § 362 stay are therefore inadmissible in a later and separate court proceeding.

For all these reasons, Defendants' request for a pretrial exclusionary order on this point is DENIED. This denial is without prejudice to Defendants renewing this objection at trial, but *only* if they can cite relevant legal authority supporting this argument.

## II.  CONCLUSION

For the reasons set forth above, Defendants' Motion *In Limine* (ECF No. 187) is GRANTED IN PART and DENIED IN PART, as set forth herein.

Dated this 6th day of July, 2017.

BY THE COURT:

William J. Martinez
United States District Judge