**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez**

Criminal Case No. 15-cr-394-WJM

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1. **DARYL FRANCIS YUREK**
2. **WENDY MARIE YUREK**

    Defendants.

---

**ORDER GRANTING IN PART THE GOVERNMENT'S RENEWED MOTION *IN LIMINE*
TO EXCLUDE MOST OF THE EXPERT TESTIMONY OF SHERI L. BETZER AND
ALL OF THE EXPERT TESTIMONY OF KEVIN H. CALL**

---

This matter is before the Court on the Government's Renewed Motion *In Limine* to Exclude Most of the Expert Testimony of Sheri L. Betzer and All of the Expert Testimony of Kevin H. Call. (ECF No. 192 (the "Motion").) For the reasons stated below, Defendants' Motion is GRANTED IN PART and DENIED IN PART.

### I. BACKGROUND

On June 5, 2017, Defendants filed a Summary of Expert Testimony That the Defendants May Offer at Trial Under Rule 16(b)(1)(C) of the Federal Rules of Criminal Procedure and Rules 702 and 703 of the Federal Rules of Evidence. (ECF No. 170 ("Defendants' Disclosure").)

Defendants disclosed two affirmative expert witnesses, Sheri L. Betzer, and Kevin H. Call. As set out in Defendants' Disclosure, Ms. Betzer is a Certified Public Accountant ("CPA") and Certified Fraud Examiner ("CFE"). Defendants disclosed that

she would offer expert testimony in five subject areas, described in paragraphs 1.a.–1.e. of Defendants' Disclosure. (ECF No. 170 at 1–5.) Mr. Call is also a CPA and CFE, as well as a Certified Valuation Analyst ("CVA"). Defendants' Disclosure disclosed that he might offer expert testimony in seven areas, described in paragraphs 2.a.–2.g. of Defendants' Disclosure. (ECF No. 170 at 5–6.)

In addition, Defendants' Disclosure identified "various professionals," disclosed as witnesses for the Government, specifically several lawyers, accountants, and similar professionals who were involved in underlying actions related to Government's criminal charges, including Defendants' business accounting, their communications with the Internal Revenue Service ("IRS"), and the preparation and filing of their bankruptcy petition. (*See* ECF No. 170 at 7–9.) These individuals were described in paragraphs 3.a.–3.g. of Defendants' Disclosure, and Defendants' Disclosure represented that they "may be cross examined [by Defendants] concerning their role[s] in the process, the process itself, and other aspects of the relevant transactions." (*Id.* at 6.)

On June 15, 2017, the Government filed a motion to exclude the disclosed expert testimony. (ECF No. 172 (the Government's "First Motion").) The Government did not object to the first of Ms. Betzer's opinions disclosed in paragraph 1.a., relating to loan accounts between a company and its employees, and in particular "a loan account maintained by Veracity Credit Consultants and various employees, including Mr. Yurek." (ECF No. 170 at 2.) However, as to the remainder of Defendants' Disclosure the Government argued that it was insufficient under the requirement of Federal Rule of Criminal Procedure 16(b)(1)(C) that Defendants must "describe [each] witness's opinions, the bases and reasons for those opinions, and the witness's qualifications."

(*See* ECF No. 172 at 3–6.)  The Government also argued that Defendants' disclosure had not provided sufficient information to show that Ms. Betzer and Mr. Call are qualified to provide expert testimony admissible under Federal Rule of Evidence 702. (*Id.* at 6–8.)  The Government's motion therefore asked the Court "to exclude all of Mr. Call's proposed testimony and most of Ms. Betzer's."  (*Id.* at 8.)  The Government also argued that Defendants' Disclosure was insufficient as to the "various professionals" disclosed in paragraph 3., and that the Court "should not permit the [D]efendants to elicit expert testimony from these witnesses."  (*Id.* at 9.)

Defendants responded to the Government's First Motion, arguing, first, that they were not required to provide any expert disclosure at all, since the Government had not yet provided its own expert disclosure under Rule 16(a)(1)(G) (*see* ECF No. 182 at 1–4), second, that Defendants' Disclosure had been sufficient under Rule 16(b)(1)(C) (*id.* at 4–8), third, that supplementation, not exclusion would be the appropriate remedy for any insufficient expert disclosure (*id.* at 5), fourth, that Ms. Betzer and Ms. Call are qualified as experts under Rule 702 (*id.* at 9–11), and fifth, that their disclosure regarding the "various professionals" they might cross-examine was sufficient to meet the purposes of Rule 16's expert disclosure requirements, given that they are the Government's witnesses, and that the Government has previously interviewed them and already knows the nature of their likely testimony (*id*. at 11).

The Court agreed with the Government that Defendants' Disclosure was inadequate as to portions of Ms. Betzer's expected testimony and all of Mr. Call's, but also agreed with Defendants that the appropriate remedy was to direct

3

supplementation, rather than to exclude the testimony. On June 23, 2017, the Court therefore ordered Defendants to supplement their disclosures as to the anticipated testimony disclosed in paragraphs 1.c.–1.e. of Defendants' Disclosure for Ms. Betzer, and as to all of Mr. Call's anticipated testimony, as follows:

> [T]he Court concludes that Defendants' summary disclosure, although filed earlier than required, still must meet the requirement to "describe the witness[es'] opinions, the bases and reasons for those opinions, and the witness[es'] qualifications." Fed. R. Crim. P. 16(a)(1)(G).
>
> Moreover, as the proponent of the disclosed expert testimony, it is Defendants' burden to establish its admissibility; and, since Defendants are now on notice of the Government's *Daubert* challenge, they must carry that burden in their disclosure and/or response to Defendant's Motion, and cannot simply wait until trial to make at least a *prima facie* showing of admissibility under Rule 702. *See United States v. Nacchio*, 555 F.3d 1234, 1244-49 (10th Cir. 2009).
>
> The Court finds that Defendants' disclosure is inadequate under Rule 16(a)(1)(G) as to paragraphs [1.]c., [1.]d., and [1.]e. regarding Ms. Betzer's anticipated testimony, and as to all of Mr. Call's anticipated testimony. (ECF No. 170 at 4-6.) *See United States v. Jackson*, 51 F.3d 646, 651 (7th Cir. 1995) (cases involving technical or scientific expertise require greater disclosure). However, exclusion is not the appropriate remedy. *United States v. Sarracino*, 340 F.3d 1148, 1170 (10th Cir. 2003). Therefore, Defendants are DIRECTED TO SUPPLEMENT their disclosure under Rule 16 as to these specific portions of Ms. Betzer's and Mr. Call's anticipated testimony . . . . This supplementation must describe the experts' opinions and the bases and reasons for those opinions, Fed. R. Crim P. 16(a)(1)(G), and must fairly enable the Government to prepare for cross-examination. *See Jackson*, 51 F.3d at 651-52; *United States v. Caputo*, 382 F. Supp. 2d 1045, 1049 (N.D. Ill. 2005); *see also, e.g.*, *United States v. Yoon*, 128 F.3d 515, 526 (7th Cir. 1997). * * * The Government does not object to paragraph a. of Ms. Betzer's disclosure, and the objection as to paragraph b. is OVERRULED.

4

> As to the Government's request for pretrial exclusion of any expert opinion(s) Defendants might elicit on cross-examination of the Government's witnesses, that request is DENIED given the lack of showing of prejudice to the Government. *Sarracino*, 340 F.3d at 1170; *United States v. Charley*, 189 F.3d 1251, 1262 (10th Cir. 1999). This denial is without prejudice to the Government renewing any objections to the admissibility of such evidence at trial, and Defendants are free to also supplement their disclosure as to these witnesses, given that doing so may minimize the chance of the Court excluding such testimony at trial.

(ECF No. 184 (paragraph breaks inserted).)

Defendants thereafter filed a supplement to their disclosure (ECF No. 189 (Defendants' "Supplemental Disclosure")), however, the Supplemental Disclosure did not comply with the Court's Order inasmuch as it made no additions or supplementation to paragraphs 1.c.–1.e. regarding Ms. Betzer. (*Compare* ECF No. 170 at 4–5 *with* ECF No. 189 at 4–5.) The Government then filed the instant Motion, which incorporated and renewed the arguments made in the Government's First Motion, and renewed the request to exclude that portion of Ms. Betzer's testimony disclosed in paragraphs 1.c–1.e., and also all of Mr. Call's testimony, which the Government argues is still inadequately disclosed. (*See generally* ECF No. 192.)

## II. ANALYSIS

### A. Ms. Betzer

1. <u>Paragraphs 1.a.–1.b.</u>

The Government has not objected to the disclosure in Paragraph 1.a. (ECF No. 72 at 2), and the Court previously overruled the Government's Objection as to Paragraph 1.b., finding Defendants' Disclosure on these points to be sufficient. (ECF

5

No. 184.)  This ruling is unaltered.  Accordingly, subject to establishing admissibility at trial, Defendants may elicit Ms. Betzer's anticipated expert testimony as to these points and opinions.

    2.    <u>Paragraphs 1.c.–1.e.</u>

The Court has already ruled that Defendants' Disclosure was insufficient as to paragraphs 1.c.–1.e..  (ECF No. 184.)  The Court's prior Order directed supplementation on these points and cited authorities describing the nature of sufficient disclosure for experts disclosed in similarly complex subject areas and in analogous cases (*i.e.*, financial crimes cases).  (*See* ECF No. 184 (citing *Yoon*, 128 F.3d 526–27 (describing in detail adequate disclosure of FBI Special Agent disclosed as check-kiting expert in bank fraud case) *and Caputo*, 382 F. Supp. 2d at 1049–53 (describing and analyzing expert disclosures in fraud case, finding some sufficient and others insufficient)).

Nevertheless, while Defendants' Supplemental Disclosure added to their disclosure regarding Mr. Call, it in no way altered these points as to Ms. Betzer.  Since Defendants' Disclosure has not changed, neither has the Court's conclusion that it is inadequate.  Defendants' disclosure on these points does not adequately describe what Ms. Betzer's opinions will be on these points, nor the bases and reasons for those opinions.  *See* Fed. R. Crim. P. 16(b)(1)(C).  Simply put, Defendants' Supplemental Disclosure remains too vague and general to allow the Government to anticipate what Ms. Betzer's opinions at trial might actually be, and to fairly prepare to cross-examine her.  For example, the Disclosure states that she will review Defendants "income, expenses, and tax payments, and the application of such payments against

6

[Defendants'] federal tax . . .", and that "[b]ased on *these calculations* Ms. Betzer *may offer opinions* related to the economic circumstances of the [Defendants] *at particular points in time*." (ECF No. 189 at 4, ¶ 1.c. (emphasis added).) What calculations, what opinions, and at which points in time? Defendants' Disclosure does not answer these obvious and critical questions, nor explain the bases and methods underlying such vague "opinions." This is inadequate under Rule 16(b)(1)(C). *See Yoon*, 128 F.3d at 526; *Caputo,* 382 F. Supp. 2d at 1049. Paragraphs 1.d. & 1.e. are similarly vague, uninformative, and insufficient. (ECF No. 89 at 4–5.)

As a consequence, Defendants have not only failed to comply with the Court's Prior Order requiring supplementation, but they also continue to fall short of the disclosure requirements under Rule 16(b)(1)(C). Defendant have therefore also not met their burden of showing the admissibility of Ms. Betzer's testimony on these points under Federal Rule of Evidence 702. This leaves the Court unable to fulfill its gatekeeper role pursuant to *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993). As a result, the Government's Motion is granted in part, to the extent that the portion of Ms. Betzer's proposed testimony described in paragraphs 1.c.–1.e. of Defendants Supplemental Disclosure (ECF No. 189 at 4–5) is excluded. *See Nacchio*, 555 F.3d at 1249. Ms. Betzer's testimony will be limited to those points and opinions disclosed in paragraphs 1.a. & 1.b. of Defendants' Supplemental Disclosure. (ECF No. 189 at 2–4.)

**B.     Mr. Call**

As to Mr. Call's anticipated testimony, Defendants' Supplemental Disclosure did

substantively supplement and add to the description of his anticipated testimony and opinions, and the bases and reasons for it. (*Compare* ECF No. 170 at 5–6 *with* ECF No. 189 at 5–10.) The Court finds that this supplementation is sufficient, up to a point.

Defendants Supplemental Disclosure states that Mr. Call "may offer expert opinions . . . including but not limited to" describing various possible alternative approaches to valuation of businesses and associated equity securities. (ECF No. 189 at 5; *id.* at 6–10.) However, the Supplemental Disclosure does not actually disclose any opinion that Mr. Call will offer. For instance, the Supplemental Disclosure states that Mr. Call "may apply . . . various valuation methods" to the facts of this case "at particular points in time," but does not state which method he might use (or has used), based on what data, or for what points in time. (*See id.* at 6, ¶ 2.g.) Likewise, the disclosure states that Defendants' "will be called to discuss the critical issues associated with . . . estimating value when outstanding shares are thinly traded or otherwise restricted" (*id.* at 6, ¶ 2.f.), but does not explain what these "critical issues" are. Most notably, while the Supplemental Disclosure describes various possible valuation methods, and describes in general, hypothetical terms when it might be appropriate to use each one, it nowhere states *what method or methods Mr. Call might use to provide valuation calculations based on the facts of this case*. Defendants nowhere disclose whether Mr. Call has actually undertaken such calculations. Nor, if he has performed such calculations, do Defendants disclose what his results might be, even in general terms.

This disclosure is sufficient for Mr. Call to provide expert testimony comprising "a dissertation or exposition of scientific or other principles relevant to the case." Fed. R. Evid. 702 advisory committee's notes (1972). In other words, Mr. Call's disclosure

8

permits him to describe, in general, that there are range of valuation methods and also that different methods are used in different circumstances, and based on different kinds of companies, equities, and other facts.

However, Defendants' Supplemental Disclosure is *not* sufficient to allow Mr. Call to go beyond that. To the extent he has prepared any "bottom line" opinions about any contested valuation issues in this case, those opinions have not been disclosed, and neither have the bases and reasons for any such opinions. *See* Fed. R. Crim. P. 16(b)(1)(C). The Government has not been given a fair opportunity to prepare to cross-examine him beyond the general matters described in the Supplemental Disclosure. *See Caputo*, 382 F. Supp. 2d at 1049 (defendant's expert disclosures must "enable the Government to prepare for cross-examination," "in light of the complexity of the expert testimony"); *accord* Fed. R. Crim P. 16 Advisory Committee Notes (1993 Amendment) (the expert disclosure requirements in Rule 16 are "intended to minimize surprise that often results from unexpected expert testimony, reduce the need for continuances, and to provide the opponent with a fair opportunity to test the merit of the expert's testimony through focused cross-examination").

Accordingly, although the Government's Motion is denied in part to the extent it seeks to exclude Mr. Call's testimony in its entirety, the Government's Motion is also granted in part to the extent that the Court will strictly limit the scope of Mr. Call's testimony to those general matters set out in Defendants' Supplemental Disclosure. Mr. Call will *not* be permitted to offer opinions which were not included in the Supplemental Disclosure. This includes any case specific opinions as to what method of valuation he would actually use (or has actually used) in this case, or any actual

9

calculations of valuation based on the facts of this case, since Defendants have failed to disclose any such actual opinions, or the bases and reasons for them.  As with Ms. Betzer, this lack of disclosure leaves the Court unable to fulfill its gatekeeper role under Rule 702 and *Daubert*.  Since Defendants have not met their burden of establishing the admissibility of any undisclosed or more specific opinions beyond those contained in their Supplemental Disclosure, such testimony or opinions are properly excluded. *Nacchio*, 555 F.3d at 1249.

### C. Government's Professional Fact Witnesses

The Court's ruling by prior Order is unaltered: The Government's request for pretrial exclusion of any expert opinion(s) that Defendants might elicit on cross-examination of the Government's witnesses is denied, given the lack of showing of prejudice to the Government. *See Sarracino*, 340 F.3d at 1170.  This denial is without prejudice to the Government renewing any objections to the admissibility of such evidence at trial.  (ECF No. 184.)

### III.  CONCLUSION

For the reasons stated above, the Government's Renewed Motion *In Limine* to Exclude Most of the Expert Testimony of Sheri L. Betzer and All of the Expert Testimony of Kevin H. Call (ECF No. 192) is GRANTED IN PART and DENIED IN PART as more fully set forth herein.

Dated this 7th day of July, 2017.

BY THE COURT:

William J. Martinez
United States District Judge