**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez**

Criminal Case No. 15-cr-394-WJM-1

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1.    **DARYL FRANCIS YUREK**

    Defendant.

---

**ORDER DENYING DEFENDANT'S MOTION FOR REDUCED SENTENCE**

---

This matter is before the Court on Defendant Daryl Francis Yurek's Motion for Reduced Sentence (ECF No. 452). For the reasons set forth below, the Motion is denied.

## I. BACKGROUND

In July 2017, a jury found Defendant guilty of tax evasion in violation of 26 U.S.C. § 7201 (Count 1); bankruptcy fraud and aiding and abetting in violation of 18 U.S.C. § 157(1) and (2) (Count 2); making a false oath in connection with a bankruptcy proceeding in violation of 18 U.S.C. § 152(2) (Count 3); and two counts of making and subscribing to a false document in violation of 26 U.S.C. § 7206(1) (Counts 4 and 5). (ECF No. 403.) The Court sentenced Defendant to a term of imprisonment of 50 months on each of Counts 1–3, and 30 months on each of Counts 4 and 5, with each term to run concurrently. (*Id.*)

On May 4, 2020, Defendant filed the instant Motion. (ECF No. 452.) Based on

his underlying health issues and the COVID-19 pandemic, Defendant moves the Court to either (1) order that his sentence be reduced to time served; or (2) order him placed in home confinement.

## II.  ANALYSIS

Defendant seeks relief pursuant to 18 U.S.C. § 3582(c)(1)(A)(i), which provides that the Court may reduce his sentence if it finds, subject to certain other conditions, that "extraordinary and compelling reasons warrant such a reduction."  Evaluating Defendant's Motion further requires the Court to consider the factors set forth in 18 U.S.C. § 3553(a) and to determine that a sentence reduction would be "consistent with applicable policy statements issued by the [U.S.] Sentencing Commission" ("Commission").  18 U.S.C. § 3582(c)(1)(A).

The Commission's Application Notes to § 3582 enumerate several "extraordinary and compelling" circumstances, which Defendant appears to concede do not apply to his present situation.  (*See* ECF No. 452.)  Defendant argues that, regardless, because he is at a high risk of serious complications should he contract the virus, extraordinary and compelling reasons warrant a reduction of his sentence to time served.  The Court disagrees.

The Court first examines whether granting Defendant the relief he seeks would comport with the sentencing factors set forth in 18 U.S.C. § 3553(a).  As to the nature and circumstances of his offenses, Defendant engaged in a 14-year tax evasion scheme with the purpose of depriving the IRS of over $1 million, and manipulated a U.S. bankruptcy court in furtherance of that scheme.  The seriousness of these crimes

is exacerbated by Defendant's leadership role in the scheme and the sophisticated means by which he carried it out.  The Court finds that releasing Defendant from incarceration today, when he has served only 26 months of incarceration, would not adequately reflect the gravity of his crimes.

Additionally, in the Court's view, reducing Defendant's sentence would not afford adequate general deterrence against economic crimes such as these.  "Deterrence is a crucial factor in sentencing decisions for economic" crimes, as white-collar criminals have historically received quite lenient sentences.  *United States v. Morgan*, 635 F. App'x 423, 450 (10th Cir. 2015).  "Unfortunately, this creates the impression that [these] offenses are punishable only by a small fine that can be written off as a cost of doing business."  *Id.* (quoting S. Rep. No. 98-225, at 76 (1983)); *see also United States v. Martin*, 455 F.3d 1227, 1240 (11th Cir. 2006) ("Because economic and fraud-based crimes are more rational, cool and calculated than sudden crimes of passion or opportunity, these crimes are prime candidates for general deterrence.").  This is a further basis for the Court's finding that a 26-month term of imprisonment for this Defendant would provide insufficient general deterrence under § 3553 of the sentencing statute.

Moreover, if Defendant were released today, he would have served essentially the custodial sentence to which his wife, the co-defendant in this case, was sentenced.  This would create a sentencing disparity that the Court cannot accept.  Defendant, who in all relevant respects was the leader of defendants' criminal scheme, was by far the more culpable party.

Defendant asserts that he suffers from severe triple vessel coronary disease and "several other significant health issues," and therefore that he is at high risk for developing a serious illness should he contract COVID-19. (*Id.* at 3.) The Court accepts this as true. However, Defendant does not assert, and the Court otherwise has no reason to believe, that anyone in Defendant's facility has tested positive for the disease. In other words, the Defendant has put into the record no evidence that a single individual at his detention facility has tested positive for COVID-19.

By now, many courts have denied prisoners relief even when others at his or her facility have tested positive—indeed, even when the movants have serious pre-existing medical conditions. *See United States v. Roberts*, 2020 WL 1700032 (S.D.N.Y. Apr. 8, 2020) (denying compassionate release to HIV-positive defendant in a facility with confirmed COVID-19 cases); *United States v. Credidio*, 2020 WL 1644010 (S.D.N.Y. Apr. 2, 2020) (denying compassionate release where there were confirmed cases in the facility); *United States v. Korn*, 2020 WL 1808213 (W.D.N.Y. Apr. 9, 2020) (denying compassionate release where defendant suffered from a serious heart condition and his facility had confirmed cases); *United States v. Hays*, 2020 WL 1698778 (S.D. Ala. Apr. 7, 2020) (similar); *but see, e.g.*, *United States v. Jenkins*, — F. Supp. 3d —, 2020 WL 2466911 (D. Colo. May 8, 2020) (Kane, J.). And certainly, the weight of authority thus far underscores the conclusion that extraordinary and compelling reasons generally do not exist where there have been no confirmed cases of the virus at the prisoner's facility. *See, e.g.*, *United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020).

Because the § 3553(a) factors weigh against granting Defendant relief, and because COVID-19 does not pose an immediate threat to his health, Defendant is not

4

entitled to a reduced sentence.

### III.  CONCLUSION

For the reasons set forth above, the Court ORDERS that Defendant's Motion for Reduced Sentence (ECF No. 452) is DENIED.

Dated this 22nd day of June, 2020.

BY THE COURT:

William J. Martinez
United States District Judge