**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez**

Criminal Case No. 15-cr-394-WJM

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1.     **DARYL YUREK,**

    Defendant.

---

**ORDER DENYING MOTION FOR COMPASSIONATE RELEASE**

---

Before the Court is Defendant Daryl Yurek's Third Motion to Reduce Sentence Pursuant to First Step Act of 2018 ("Motion"). (ECF No. 478.) As the Motion is Yurek's third motion seeking to reduce his sentence on compassionate release grounds, the Court construes it as a motion for reconsideration. For the following reasons, the Court denies the Motion.

**I. BACKGROUND**

In July 2017, a jury found Yurek guilty of tax evasion in violation of 26 U.S.C. § 7201 (Count 1); bankruptcy fraud and aiding and abetting in violation of 18 U.S.C. § 157(1) and (2) (Count 2); making a false oath in connection with a bankruptcy proceeding in violation of 18 U.S.C. § 152(2) (Count 3); and two counts of making and subscribing to a false document in violation of 26 U.S.C. § 7206(1) (Counts 4 and 5). (ECF No. 403.) The Court sentenced Yurek to a term of imprisonment of 50 months on each of Counts 1–3, and 30 months on each of Counts 4 and 5, with each term to run

concurrently. (*Id.*)  Yurek has served approximately 35 months of his sentence. (*See id.*)

On May 4, 2020, Yurek filed his initial Motion for Compassionate Release ("Initial Motion") arguing that his age and health conditions place him at risk of severe illness should he contract COVID-19. (ECF No. 452.)  Yurek is 65 years old and suffers from severe triple vessel coronary disease. (*Id.* at 3.)

On June 22, 2020, the Court denied the Initial Motion, finding that although Yurek's health condition may place him at risk of severe illness should he develop COVID-19, he did not assert that any person at his facility had tested positive for COVID-19. (ECF No. 467 at 4.)  Further, notwithstanding Yurek's health risks, the Court determined that the sentencing factors set forth in 18 U.S.C. § 3553(a) weighed against his release, as imposing a sentence of time served would not reflect the severity of his offenses, given the deliberation behind his fraudulent activities. (*Id.* at 2–4.)

On November 11, 2020, Yurek filed a second Motion for Compassionate Release ("Second Motion"), renewing his arguments in favor of release. (ECF No. 473.)  Yurek later withdrew the Second Motion. (*Id.*)

Yurek filed the instant Motion on December 15, 2020, again arguing that his medical conditions place him at risk for severe illness if he contracts COVID-19. (ECF No. 478.)  He asserts that changed circumstances warrant revisiting the Court's earlier ruling because he has since transferred to a new facility which presents an increased risk of contracting COVID-19. (*Id.* at 2–3.)  The Government filed a response on December 18, 2020, and Yurek filed a reply on December 28, 2020. (ECF Nos. 479 & 481.)

## II. LEGAL STANDARD

District courts have broad discretion to reconsider interlocutory rulings before the entry of judgment. *Rimbert v. Eli Lilly & Co.*, 647 F.3d 1247, 1251 (10th Cir. 2011). Grounds for such reconsideration include "(1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice." *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000).

"Notwithstanding the district court's broad discretion to alter its interlocutory orders, the motion to reconsider 'is not at the disposal of parties who want to rehash old arguments.'" *Nat'l Bus. Brokers, Ltd. v. Jim Williamson Prods., Inc.*, 115 F. Supp. 2d 1250, 1256 (D. Colo. 2000) (quoting *Young v. Murphy*, 161 F.R.D. 61, 62 (N.D. Ill. 1995)). "Rather, as a practical matter, to succeed in a motion to reconsider, a party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision." *Id.* Even under this lower standard, "[a] motion to reconsider should be denied unless it clearly demonstrates manifest error of law or fact or presents newly discovered evidence." *Id.*

## III. ANALYSIS

Yurek argues that he is at high risk for severe illness because he has transferred to a new facility—CI Big Spring Flightline ("Flightline")—since the denial of his Initial Motion. (ECF No. 478 at 2.) He contends that Flightline presents a high risk of exposure to COVID-19 because it is located approximately two miles from two other divisions of the CI Big Spring facility, which each had a COVID-19 outbreak. (*Id.* at 6–7.) He speculates that there is likely cross-contamination between the facilities, but he

concedes that no reported cases exist at his facility. (*Id.* at 6.)

Yurek fails to set forth changed circumstances which require a different ruling in this instance. Although Yurek speculates that there may be COVID-19 exposure based on COVID-19 outbreaks at neighboring facilities miles away, he raises no facts suggesting that there is an outbreak at Flightline. (*Id.*) Even assuming that Yurek's underlying health issues constitute extraordinary and compelling circumstances although he is not exposed to a COVID-19 outbreak at his own facility, the Court already determined that the § 3553(a) factors counsel against his release. (ECF No. 467 at 2–4.) The Court's analysis as to these factors—specifically noting that a lenient sentence would not adequately deter economic crimes like Yurek's—remains unchanged.

Yurek's rehashing of rejected arguments fails to raise the type of issue warranting reconsideration of the Court's prior ruling. *See Servants of the Paraclete*, 204 F.3d at 1012 (stating that a motion for reconsideration is not a vehicle "to reargue an issue previously addressed by the court"). Accordingly, the Motion is denied.

## IV. CONCLUSION

For the reasons set forth above, Yurek's Motion (ECF No. 478) is DENIED.

Dated this 13th day of April, 2021.

BY THE COURT:

_____
William J. Martínez
United States District Judge

4